IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARCIA JORDAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:24-cv-00268 |
| METRO LEGAL DEPARTMENT, | ) ) ) | Judge Trauger |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Marcia Jordan has filed a pro se Complaint under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 (Doc. No. 1), along with various "Exhibits to the Complaint." (Doc. Nos. 5, 6.) The plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. IFP APPLICATION

The plaintiff's IFP application lists monthly expenses that approximate or exceed her monthly income. It also reflects that she is receiving unemployment benefits while pursuing job opportunities, but "no one will hire [her]." (Doc. No. 2 at 5.) It therefore appears that the plaintiff cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

### II. INITIAL REVIEW

A. Legal Standard

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners

proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

B. <u>Analysis</u>

The Complaint's jurisdictional statement invokes "Title VII of the Civil Rights Act of 1964 for Employment Discrimination under 42 U.S.C. section 1983," and alleges that supplemental jurisdiction exists for any state law claims. (Doc. No. 1 at 1.) In addition to discrimination, the Complaint purports to sue the "Metro Legal Dept" for "Gentrification," "Harassment," "Retaliation . . . from Whistleblower Complaint," and "Wrongful Inhuman Treatment." (*Id.*)

The substance of the Complaint and associated exhibits demonstrates that this case stems not from any employment relationship or whistleblower allegations, but from an ongoing dispute between the plaintiff and "Rise," a private real estate developer, concerning new construction near the plaintiff's residence. Rise engaged in the activities at issue here pursuant to a permit issued by the Metropolitan Government of Nashville and Davidson County ("Metro"). Rise allegedly secured this permit to develop condominiums on property it acquired adjacent to the plaintiff's home of 30 years, in the "low income black neighborhood" where she has lived for 57 years. (Doc. No. 1 at 2–3; Doc. No. 5 at 2.) After the plaintiff refused to sell her property to Rise, the developer began construction near her property line. (*See* Doc. No. 5.) The new development allegedly

2

damaged the plaintiff's yard, her fence, and—due to the installation of "5 sewers in her yard"—her health. (Doc. No. 1 at 2.) Rise employees allegedly put trash, a sign, and "stalks" in the plaintiff's yard—behavior which is "not allowed in Brentwood or [G]reen Hills neighborhoods." (*Id.*) The plaintiff reported some of the damage done to her property "to Metro, but the developer was allowed to do it to a bl[ac]k female." (*Id.*) She claims that she was treated inhumanely because she would not sell her property in an inner-city neighborhood which "[n]o one wanted 10 yrs ago" but which is now "considered downtown instead of the Hood." (*Id.* at 3.)

For this lawsuit between a Tennessee resident and a Tennessee governmental unit to proceed, it must present a federal question. *Barber v. Standard Fuel Eng'g Co.*, No. 22-11601, 2023 WL 143329, at *2 (E.D. Mich. Jan. 10, 2023) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Although the Title VII and whistleblower-retaliation labels on the Complaint's first page are not congruent with any of its allegations, the Complaint does assert a federal claim against a proper, local government defendant under § 1983. Section 1983 authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted). For such a claim to survive initial review, the plaintiff "must plausibly allege that . . . her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of . . . rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)).

Construing the Complaint liberally and in the plaintiff's favor, it claims that Metro, through the permit-issuing and complaint-resolution activities of its Legal Department, engaged in unlawful discrimination when it permitted Rise to proceed with its development despite the plaintiff's complaints, due to her race. Such a claim implicates the Equal Protection Clause of the Fourteenth Amendment. However, to plausibly claim relief for an equal protection violation, the

3

plaintiff must point to "[p]roof of racially discriminatory intent or purpose," not merely proof that an official action had a "racially disproportionate impact." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Although the Complaint does not allege that any action of the defendant was taken with the intent or purpose to discriminate against the plaintiff personally, it broadly alleges that the defendant tolerated concerning conditions at the development adjoining her property, which it would not have tolerated in other areas such as Brentwood or Green Hills. But for such differential treatment to be actionable, the difference must be applied in neighborhoods that are alleged to be "similarly situated." *Metz v. Herbert*, 243 F. Supp. 3d 929, 940 (M.D. Tenn. 2017). The claim cannot rest on a "vague[,] conclusory[,] and hypothetical allegation that, in a predominantly Caucasian community," the concerns expressed to the defendant "would be treated differently." *Id.* at 933.

Here, the Complaint does not attempt to establish differential treatment in similarly situated neighborhoods. It merely posits, in conclusory fashion, a nonspecific difference in how the defendant would hypothetically have responded to a report of similar conditions in more affluent areas (one of which, Brentwood, is certainly not similarly situated, as it is a separate municipality not in Davidson County). This is not sufficient to support an equal protection claim. *See Vision Real Est. Inv. Corp. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:18-cv-00014, 2019 WL 4748386, at *6 (M.D. Tenn. Sept. 30, 2019) (noting that "bare assertions" and conclusory allegations in a complaint "simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief") (quoting *Iqbal*, 556 U.S. at 681).

Moreover, even if an equal protection violation could be established in this case, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability [against a municipality], unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (applying *Monell v. New York City*

4

*Dept. of Social Services*, 436 U.S. 658 (1978)). There is no allegation of any such Metro policy at work in this case. The Complaint therefore fails to state a viable claim to relief against the only named defendant.

### III. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. The dismissal is without prejudice to the plaintiff's ability to pursue appropriate relief for her alleged property damage and other harms in state court.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge